IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

FTS International Services, LLC;
and FTS International Logistics, LLC,

      Plaintiffs,

v.                                                Case No. 13-2039-JWL

Caldwell-Baker Company,

      Defendant.

### MEMORANDUM & ORDER

Plaintiffs filed a petition in state court against defendant asserting claims of breach of contract, fraud and negligent misrepresentation arising out of a railcar lease agreement executed by the parties. Defendant has removed the action to this court on the basis of diversity jurisdiction, asserting that plaintiffs are Texas and Nevada limited liability companies, respectively, and that defendant is a Delaware corporation. Plaintiffs have moved to remand (doc. 18) the action to state court on the grounds that defendant, also a citizen of Kansas by virtue of its principal place of business (which defendant did not articulate in its removal notice), has violated the forum defendant rule by removing to federal district court in Kansas. *See* 28 U.S.C. § 1441(b)(2). Defendant concedes that it is a forum defendant, but contends that the forum defendant rule does not apply because it had not been served at the time it removed the action. *See id.* As will be explained, the court grants plaintiffs' motion to remand but denies

plaintiffs' request for fees and costs as defendant has made a colorable argument in favor of removal.[1]

The sole question presented by the parties' submissions is whether the removal statute permits a forum defendant in a single-defendant case to remove an action to federal court prior to service on that defendant. The pertinent portion of the removal statute states as follows:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). This provision is commonly referred to as the "forum defendant rule."[2] Application of the rule in the pre-service removal context has come up in various contexts with

---

[1] The issue of whether to award fees and costs to plaintiff is a close one because defendant not only failed to include an averment in its removal notice concerning its principal place of business, rendering its removal procedurally defective, but also failed to adequately explain that omission in its response to the motion to remand, stating only that it never denied that Kansas was its principal place of business and that it admitted as much in its subsequently filed Answer. The court assumes that defendant, in any future removal notices filed in federal court, will provide the information critical to determining its citizenship.

[2] Section 1441 was amended in December 2011 and that amendment applies to cases, like this one, commenced on or after January 6, 2012. *See MB Financial, N.A. v. Stevens*, 678 F.3d 497, 498 (7th Cir. 2012) (citing the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011)).

The amendment, however, did not materially change the language of § 1441(b); it simply clarified that the forum defendant rule applies only to cases removed on the basis of diversity jurisdiction. *See Barker v. Hercules Offshores, Inc.*, ___ F.3d ___, 2013 WL 398763, at *11 (5th Cir. Feb. 1, 2013) (updated version of § 1441(b) is a clarification as opposed to an amended of the original statute); *Howard v. Genentech, Inc.*, 2013 WL 680200, at * (D. Mass. Feb. 21, 2013) (noting that analysis of forum defendant rule would be the same under either prior version or amended version of § 1441(b); "[t]he amendments to section 1441(b) do not change the statute's plain meaning"); *Perez v. Forest Laboratories, Inc.*, ___ F. Supp. 2d ___, 2012 WL 4811123, at *2 n.4 (E.D. Mo. Oct. 12, 2012) (changes to section 1441(b) "do not impact the Court's analysis on the relevant issues"); *Regal Stone Ltd. v. Longs Drug Stores California,*

2

varying results. Variations include the propriety of removal by a non-forum defendant prior to service on a forum defendant (which may turn on whether the non-forum defendant had been served at time of removal) and the propriety of removal by a forum defendant prior to service when non-forum defendants have been served. In its opposition to the motion to remand, defendant cites to a litany of cases purporting to support defendant's position that pre-service removal by a forum defendant is entirely appropriate but, in truth, the vast majority of the cases cited by defendant address removal by a non-forum defendant prior to service on a forum defendant.

In resolving the motion to remand, then, the court focuses on those cases addressing the more limited issue present here—the propriety of removal by a forum defendant prior to service on that defendant and in the absence of any non-forum defendants. Among those cases, district courts have generally resolved this issue in one of three ways. Some courts have concluded that the "properly joined and served" language of § 1441(b)(2) plainly permits a forum defendant to remove a case before it is served. *Munchel v. Wyeth LLC*, 2012 WL 4050072, at *3 (D. Del. Sept. 11, 2012) (pre-service removal by forum defendant is permitted by plain language of § 1441(b)); *Thomson v. Novartis Pharm. Corp.*, 2007 WL 1521138, at *3-4 (D.N.J. May 22, 2007) (straightforward application of § 1441(b) permits forum defendant to remove case prior to service; plain language requires service of complaint to trigger preclusion of removal by forum defendant); *Terry v. J.D. Streett & Co.*, 2010 WL 3829201, at *1-2 (E. D. Mo. Sept. 23, 2010)

---

*LLC,* 881 F. Supp. 2d 1123, 1126 n.4 (N.D. Cal. 2012) (same). For this reason, the court comfortably relies on cases analyzing the forum defendant rule under either version of the statute.

3

(the text of § 1441(b) is "clear" and nothing in the statute prohibits removal in a case where a forum defendant has not been served).

Other courts have looked beyond the plain meaning of the statute and have granted remand on the grounds that a literal application of the statute would produce results that Congress could not have intended. *See Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 642-47 (D.N.J. 2008) (looking past plain meaning to prevent forum defendant from pre-service removal; purpose of "properly joined and served" language is to prevent abuse of the forum defendant rule by improper joinder and applying plain language would eviscerate purpose of forum defendant rule); *Ethington v. General Elec. Co.,* 575 F. Supp. 2d 855, 861-63 (N.D. Ohio 2008) (forum defendant could not remove case prior to service; plain language interpretation "leads to the untenable result that forum defendants can move actions from state court as long as they do so before they are served"); *Vivas v. Boeing Co*., 486 F. Supp. 2d 726, 734 (N.D. Ill. 2007) (allowing forum defendant to remove before service would provide vehicle for defendant to manipulate the operation of the removal statutes; allowing removal in that instance is inconsistent with Congress's intent).

Finally, some district courts have held that the plain language of § 1441(b) conditions removal on the service of at least one defendant such that a forum defendant in a single-defendant case may not remove the case prior to service. *See Howard v. Genentech, Inc*., 2013 WL 680200, at *4 (D. Mass. Feb. 21, 2013) (plain language of § 1441(b) requires at least one defendant to have been served before removal can be effected) ; *Hawkins v. Cottrell, Inc*., 785 F. Supp. 2d 1361 (N.D. Ga. 2011) (text and purpose of § 1441(b) are not necessarily in tension; statute conditions removal on some defendant having been served); *see also Campbell v.*

4

*Hampton Roads Bankshares, Inc.*, ___ F. Supp. 2d ___, 2013 WL 652427, at * ___ (E.D. Va. Feb. 19, 2013) (interpreting "served" to mean "actual notice and involvement in the case" such that a forum defendant could not remove a case prior to service).

This court is persuaded by the rationale of those courts that have concluded that the language of § 1441(b) assumes at least one party has been served prior to removal—namely, the decisions of Judge Woodlock in *Howard* and Judge O'Kelley in *Hawkins*. In its current form, the statute precludes removal "if any of the parties in interest properly joined and served as defendants" is a forum defendant. As explained by Judge Woodlock, "any" means "one or more indiscriminately from all those of a kind." *Howard*, 2013 WL 680200, at *5 (citing Webster's Third New International Dictionary 97 (3d ed. 1986)). "Inherent in the definition is some number of the 'kind' from which the 'one or more' can be drawn." *Id.* Accordingly, the use of "any" when referring to "parties" assumes that there is "one or more party in interest that has been properly joined and served already at the time of removal, among which may or may not be a forum-state defendant." *See id.* As further explained by Judge Woodlock:

> [I]gnoring that assumption would render a court's analysis under the exception nonsensical and the statute's use of "any" superfluous. This would be contrary to the cardinal rule of statutory construction that "all words and provisions of statutes are intended to have meaning and are to be given effect, and no construction should be adopted which would render statutory words or phrases meaningless, redundant or superfluous. Thus, the lack of a party properly joined and served does not mean an "exception" to removal is inapplicable, but rather means that an even more basic assumption embedded in the statute—that a party in interest had been served prior to removal—has not been met.

*Id.* Moreover, the use of the word "joined" contemplates a situation "in which one defendant is joined to another defendant, presumably an instate defendant joined to an out-of-state defendant," suggesting further that the removal is appropriate only when "there are multiple,

5

named defendants," such that a single, unserved forum defendant could not remove a case under 1441(b). *See Hawkins*, 785 F. Supp. 2d at 1369 n.11 (citing *Allen v. GlaxoSmithKline PLC*, 2008 WL 2247067, at *5 (E.D. Pa. May 30, 2008)).

Both Judge Woodlock and Judge O'Kelley found further support for their reading of the text of the statute in the legislative history and purpose of the removal statute, including evidence that the "properly joined and served" language was included in 1948 to prevent plaintiffs from defeating removal through improper joinder of a forum defendant rather than incentivizing defendants to race to a federal forum. *Howard*, 2013 WL 680200, at *6-7; *Hawkins*, 785 F. Supp. 2d at 1374, 1378 (impetus behind development of removal statute was fear of potential local prejudice against an out-of-state defendant). In fact, neither Judge Woodlock nor Judge O'Kelley found any support in the legislative history for an interpretation of the statute that permitted a single, forum defendant that had not been served to remove a case. *Hawkins*, 785 F. Supp. 2d at 1378; *Howard*, 2013 WL 680200, at *8.

Applying the plain language and historic limits of the removal statute to this case, the court must remand the case to state court as there is only one defendant in this case and that defendant has not been served. Plaintiffs' motion to remand is granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to remand (doc. 18) is granted.

**IT IS SO ORDERED.**

6

Dated this 27th day of March, 2013, at Kansas City, Kansas.

                                           <u>s/ John W. Lungstrum</u>
                                           John W. Lungstrum
                                           United States District Judge